IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

DAVID D. EBBEN,

                       Plaintiff,                    OPINION AND ORDER

   v.
                                                     25-cv-126-wmc

DARIUS FLYNN, CAPTAIN KOCH,
LIEUTENANT ROBERT W. DOYLE,
B. MULLER, and RHONDA CORDERO,

                       Defendants.
_____

Plaintiff David D. Ebben, who is representing himself, filed this lawsuit against numerous defendants while he was incarcerated by the Wisconsin Department of Corrections ("DOC"). The court dismissed plaintiff's original complaint for failure to comply with the Federal Rules of Civil Procedure. (Dkt. #19.) Plaintiff has now filed an amended complaint. (Dkt. #38.) Because plaintiff filed this case as a prisoner and proceeds without prepayment of the filing fee, the court must screen the amended complaint and dismiss any claim that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). When screening a complaint drafted by a non-lawyer, the court applies a less stringent standard. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). However, plaintiff must still allege enough facts to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Because the pleadings are insufficient to state a claim, the court will dismiss the amended complaint without prejudice and give plaintiff one final opportunity to amend to correct the deficiencies described below.

ALLEGATIONS OF FACT[1]

At all times relevant to the complaint, plaintiff David D. Ebben was incarcerated at the New Lisbon Correctional Institution ("NLCI"). Without offering any details, plaintiff claims that he attended a "Pre-PRC consultation" with a psychologist, who cleared him to go to "a Minimum" on October 4, 2024.[2] When plaintiff told his cellmate, defendant Darius Flynn, that he was "going to Minimum," Flynn reportedly replied that plaintiff was "fucking [him] over." Plaintiff does not explain what he supposedly did to raise Flynn's ire.

At around 2:00 a.m. on October 5, 2024, Flynn turned his television on high volume without using his headphones. When plaintiff beat on the side of his bunk, Flynn turned off the television. Five minutes later, Flynn turned the television back on high volume. Plaintiff responded by knocking loudly on the bottom of his bunk. Flynn turned down the television and stated, "You fucked me over on my PRC now I'm going to fuck you over on yours." Flynn then reported to a sergeant that plaintiff ran to the bathroom while naked and was pounding on the cell door while nude.

Two hours later, defendant Captain Koch escorted plaintiff to "TLU," which is a restrictive housing unit, for violating prison rules by engaging in "[s]exual conduct." Plaintiff remained in TLU from October 5, 2024, through October 9, 2024, without his "medicated shampoo" or his medication for anxiety and insomnia.

On October 9, 2024, plaintiff met with defendant Lieutenant Robert W. Doyle, who

---

[1] The facts in this section are taken from the "Statement of Claim" attached to plaintiff's amended complaint. (Dkt. #38-1.) In addressing any *pro se* litigant's complaint, the court must read the allegations generously, drawing all reasonable inferences and resolving ambiguities in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

[2] Plaintiff does not explain what a "PRC consultation" is, but it appears to have something to do with classification.

2

advised plaintiff that he was getting a major conduct report for theft or damage to property. In particular, plaintiff was accused of damaging library books. Doyle advised plaintiff that he could leave restrictive housing if he accepted a "ticket" for 16 days of room confinement and agreed to pay $259.31 in restitution. Plaintiff signed the ticket and accepted the punishment because he did not want to remain in TLU.

When plaintiff arrived at his unit, he was "bombarded by several Muslims" and others who knew his old cellmate, Flynn. Flynn reportedly told other inmates that plaintiff had a "breakdown" while "high on paper." When plaintiff confronted Flynn about his "lies," Flynn responded that he was just "getting [plaintiff] back."

Sometime after plaintiff was released from TLU, he realized that some of his property was lost by defendant Correctional Officer Lamb, who had been responsible for boxing up plaintiff's things. Specifically, plaintiff was missing "two blue folders" containing "personal information including taxes, PRC, Etc." Also missing was "a bowl, a brand new package of transfer/copy paper, and ear plugs." Plaintiff filed an inmate complaint about the lost property, but defendants Muller and Cordero denied his grievance and his appeal, respectively.

OPINION

Plaintiff has filed suit under 42 U.S.C. § 1983 to recover monetary damages from the defendants. To state a claim for relief under § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cnty. of*

3

*Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

As an initial matter, plaintiff cannot sue defendant Flynn under § 1983 because, as a fellow inmate, Flynn was not a state actor. Moreover, to the extent that plaintiff accuses Flynn of defamation, it is well established that such claims are not actionable under § 1983. *Paul v. Davis*, 424 U.S. 693 (1976).

Plaintiff further fails to allege facts showing that he has a claim against defendant Koch for escorting plaintiff to TLU after Flynn accused him of engaging in sexual conduct. Plaintiff does not allege that he was convicted of the charges or punished without due process. Even if the charges were based on Flynn's false report, a false disciplinary action, by itself, does not state a procedural due process claim. *See Ramirez v. Wisconsin, Dane Cnty.*, No. 20-cv-1027-wmc, 2023 WL 3309827, at *6 (W.D. Wis. Mar. 13, 2023). Plaintiff similarly fails to allege facts showing that he has a claim against defendant Doyle in connection with the disciplinary ticket for theft or damage to property because plaintiff accepted the ticket along with the assessed punishment and does not allege facts showing that he was denied the minimum amount of due process. *See generally Wolff v. McDonnell*, 418 U.S. 539 (1974); *Sandin v. Conner*, 515 U.S. 472 (1995).

The court also will not allow plaintiff to proceed with a claim against defendant Lamb for the loss of plaintiff's property, which does not violate due process if "adequate state post-deprivation remedies are available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Wisconsin allows tort claims against the state and prison officials for the deprivation of property. *See Streckenbach v. Vandensen*, 868 F.3d 594, 597 (7th Cir. 2017); *Greeno v. Litscher*, 13 F. App'x 370, 376-77 (7th Cir. 2001); *Moffett v. Dittman*, No. 20-cv-9-wmc, 2022 WL 3016673, at *2 (W.D. Wis. July 29, 2022). Because Wisconsin law provides adequate post-deprivation

4

remedies for the loss of property, plaintiff may not proceed with a Fourteenth Amendment due process claim against Lamb.

Finally, plaintiff may not proceed with claims against defendants Muller and Cordero in connection with the grievance he filed about his lost property. *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim").

Because plaintiff has failed to state a viable claim, the court will dismiss the amended complaint without prejudice and give plaintiff one final opportunity to file another amended complaint, if he wishes to do so. If he submits a proposed amended complaint by the deadline set forth below, the court will screen it under 28 U.S.C. § 1915(e)(2).

## ORDER

IT IS ORDERED that:

1. Plaintiff David D. Ebben is DENIED leave to proceed, and his amended complaint (dkt. #38) is DISMISSED without prejudice for failure to state a claim.

2. Plaintiff has until January 9, 2026, to file an amended complaint that cures the above-referenced deficiencies. If plaintiff does not file an amended complaint before that date, this case will be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

3. Plaintiff's motion for a status report (dkt. #46) is DENIED as moot.

Entered this 9th day of December, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge