IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID D. EBBEN,

                       Plaintiff,

    v.

DARIUS FLYNN, CAPTAIN KOCH,
SERGEANT SMILEY, B. MULLER,
CORRECTIONAL OFFICER LAMB,
ROBERT W. DOYLE, RHONDA CORDERO,
and JOHN/JANE DOE HEALTH SERVICES
UNIT EMPLOYEE,

                    Defendants.

OPINION AND ORDER

25-cv-126-wmc

---

Plaintiff David D. Ebben, who is representing himself, filed this lawsuit against numerous defendants while he was incarcerated by the Wisconsin Department of Corrections ("DOC"). The court dismissed plaintiff's original complaint for failure to comply with the Federal Rules of Civil Procedure. (Dkt. #19.) The court then dismissed plaintiff's amended complaint for failure to provide sufficient facts in support of a claim, but granted him one final opportunity to amend. (Dkt. #48.)

Plaintiff has now filed a second amended complaint. (Dkt. #52.) Because plaintiff filed this case as a prisoner and proceeds without prepayment of the filing fee, the court must screen the amended complaint and dismiss any claim that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). When screening a complaint drafted by a non-lawyer, the court applies a less stringent standard. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). However,

plaintiff must still allege enough facts to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). For reasons set forth below, the court will dismiss the amended complaint with prejudice and close this case.

## ALLEGATIONS OF FACT[1]

Plaintiff sues the following correctional officers employed by DOC at the New Lisbon Correctional Institution ("NLCI"): Captain Koch; Sergeant Smiley; Inmate Complaint Examiner B. Muller; Correctional Officer Lamb; Disciplinary Hearing Officer Robert W. Doyle; and Rhonda Cordero, who is assigned to the Inmate Complaint Review System. Plaintiff also sues a John/Jane Doe Health Services Unit ("HSU") employee and another inmate named Darius Flynn.

Plaintiff alleges that on October 4, 2024, he was "medically cleared for minimum custody" when Flynn "retaliated by making false allegations leading to [plaintiff's] placement in [temporary lock up]." Plaintiff claims that he was strip searched, isolated, and denied unspecified medication while in TLU. He was then coerced into accepting disciplinary charges to obtain his medication. Plaintiff also claims that defendant Cordero reviewed and wrongfully affirmed the rejection of his inmate complaint concerning these issues. As a result, plaintiff suffered "reputational harm, loss of privileges, and loss of personal property."

---

[1] The facts in this section are taken from plaintiff's most recent amended complaint, which supersedes his previous complaints. *See Chasensky v. Walker*, 740 F.3d 1088, 1094 (7th Cir. 2014) ("When a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward . . . [b]ecause a plaintiff's new complaint wipes away prior pleadings[.]") (citations omitted).

OPINION

Plaintiff has filed suit under 42 U.S.C. § 1983 to recover monetary damages from the defendants. To state a claim for relief under § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Here, plaintiff claims that Flynn retaliated against him in violation of the First Amendment and damaged his reputation by making false allegations that resulted in his placement in disciplinary segregation. As explained to plaintiff previously (dkt. #48), he cannot sue Flynn under § 1983 because, as a fellow inmate, Flynn is not a state actor. Accordingly, plaintiff cannot bring a retaliation claim against Flynn. Moreover, to the extent that plaintiff accuses Flynn of defamation, it is well established that such claims are not actionable under § 1983. *Paul v. Davis*, 424 U.S. 693 (1976). Plaintiff's bare allegations fail to otherwise state a claim under Wisconsin law, which requires "the particular words complained of" to be set forth in the complaint. Wis. Stat. § 802.03; *see also Schindler v. Seiler*, 474 F.3d 1008, 1010 (7th Cir. 2007).

To the extent that plaintiff alleges that he lost privileges as a result of the disciplinary charges he was forced to accept, he does not allege a protected liberty interest sufficient to invoke due process protections. *See Thomas v. Ramos*, 130 F. 3d 754, 762 n.8 (7th Cir. 1997) (there is no protected liberty interest in the loss of privileges). Prisoners also "do not have a liberty interest in avoiding brief periods of segregation, whether

3

administrative or disciplinary." *Smith v. Akpore*, 689 F. App'x 458, 460 (7th Cir. 2017); *see also Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013) ("an inmate's liberty interest in avoiding disciplinary segregation is limited") (citing *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009)).

Likewise, while plaintiff alleges that he was denied "notice and opportunity to be heard and meaningful review of his grievances," the Constitution does not require prisons to enact grievance procedures or to handle grievances in a particular way. *Kervin v. Barnes*, 787 F.3d 833, 835 (7th Cir. 2015) ("[T]he inadequacies of the grievance procedure itself . . . cannot form the basis for a constitutional claim."). Thus, plaintiff's allegation that he was denied due process in connection with the grievance process does not state a claim. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) ("With respect to the Due Process Clause, any right to a grievance procedure is a procedural right, not a substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." (internal citations omitted)).

Plaintiff also alleges that his personal property was lost or destroyed in violation of the Due Process Clause. As explained to plaintiff previously, loss of property is not actionable under the Due Process Clause if "adequate state post-deprivation remedies are available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Wisconsin allows tort claims against the state and prison officials for the deprivation of property. *See Streckenbach v. Vandensen*, 868 F.3d 594, 597 (7th Cir. 2017); *Greeno v. Litscher*, 13 F. App'x 370, 376-77 (7th Cir. 2001); *Moffett v. Dittman*, No. 20-cv-9-wmc, 2022 WL 3016673, at *2 (W.D. Wis. July 29, 2022). Because Wisconsin law provides adequate post-deprivation remedies,

4

plaintiff fails to state a due process claim for the loss of property.

Finally, plaintiff alleges that he was denied unspecified medication in violation of the Eighth Amendment while in TLU until he agreed to accept the disciplinary charges lodged against him. To state an Eighth Amendment claim for denial of medical care, a prisoner must plead facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant was deliberately indifferent to that condition. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). Deliberate indifference requires a showing that the defendant actually knew about yet disregarded a substantial risk of harm to an inmate's health or safety. *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016) (en banc). Plaintiff does not provide any facts about his medical condition or the medication he was allegedly denied. He further alleges no facts from which deliberate indifference on the part of any defendant can be inferred. Although a plaintiff need only allege "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, plaintiff's "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As a result, plaintiff has failed to state a viable claim against any of the defendants. *Ollison v. Gossett*, 136 F.4th 729, 737 (7th Cir. 2025).

Accordingly, plaintiff's second amended complaint fails to state a claim upon which relief may be granted. Because plaintiff has already had two opportunities to amend his complaint, and he has not corrected the deficiencies identified previously by the court, this

action will be dismissed without further leave to amend and with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

## ORDER

IT IS ORDERED that:

1. Plaintiff David D. Ebben is DENIED leave to proceed with his second amended complaint (dkt. #52) and this action is DISMISSED with prejudice for failure to state a claim.

2. The clerk's office is directed to enter a "strike" for purposes of 28 U.S.C. § 1915(g) and to close this case.

Entered this 8th day of June, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge